## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NUMBER: _____ 07-80185

CIV-RYSKAMP

MAGISTRATE JUDGE
VITUNAC

PROVIDE COMMERCE, INC.,
a Delaware corporation,

   Plaintiff,

  v.

PREFERRED COMMERCE, INC.,
a Delaware corporation,

   Defendant.

_____/



FILED by _____

FEB 2 6 2007

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.

## COMPLAINT

Plaintiff Provide Commerce, Inc. ("Provide" or "Plaintiff"), for its Complaint against Defendant Preferred Commerce, Inc. ("Defendant"), hereby states and alleges as follows:

## INTRODUCTION

1. This action seeks injunctive relief and damages against Defendant's willful infringement and dilution of Provide's famous trademark PROVIDE COMMERCE, resulting from Defendant's use of the PREFERRED COMMERCE trade name, service mark, and domain name in violation of the Lanham Trademark Act of 1946, as amended, Title 15, United States Code, §§ 1051 *et seq.* (the "Lanham Act"), the Federal Trademark Dilution Act (15 U.S.C. § 1125(c)), the Anti-Cybersquatting Consumer Protection Act (15 U.S.C. § 1125(d)), state statutory law and the common law doctrines of unfair competition and trademark infringement.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a), and supplemental jurisdiction over the state law claims pursuant to

28 U.S.C. §§ 1338(b) and 1367.

3.       Venue lies in the Southern District of Florida pursuant to 28 U.S.C. §§ 1391(b) and (c).  On information and belief, Defendant transacts business in this judicial district and may otherwise be found here, and a substantial part of the activities giving rise to the claims asserted herein occurred in and are continuing in this judicial district.

## THE PARTIES

4.       Plaintiff Provide Commerce, Inc. is a Delaware corporation with a place of business at 5005 Wateridge Vista Drive, San Diego, California  92121.  Provide is one of the nation's leading online sellers of flowers, plants and gifts baskets, and operates the highly successful *providecommerce.com* and *proflowers.com* websites.

5.       On information and belief, Defendant Preferred Commerce, Inc. is a Delaware corporation with a place of business at 1655 Palm Beach Lakes Boulevard, Suite 800, West Palm Beach, Florida  33401.

6.       On information and belief, Defendant is in the business of providing educational services in the field of horticulture and gardening, and provides a website featuring information and customizable content for home gardeners and consumers.  Defendant promotes its services on the Internet at *preferredcommerce.com* and uses PREFERRED COMMERCE as a trade name, service mark, and domain name in connection with its services.

## BACKGROUND

### Provide's Valuable Trademark Rights

7.       Provide owns the *providecommerce.com* and *proflowers.com* websites, and has been using the PROVIDE COMMERCE mark and domain name in connection with the flower industry since at least as early as September 22, 2003.

8.       Through its *providecommerce.com* and *proflowers.com* websites, Provide offers an on-line service that consistently delivers fresh, high-quality products direct from the supplier to the customer at competitive prices.

9.       Since their introduction in 1998 and 2003 respectively, the *proflowers.com* and

2

*providecommerce.com* websites have become extremely popular and widely recognized sites, with more than five million customers worldwide. In connection with the success of the *providecommerce.com* and *proflowers.com* websites, Provide has achieved a high level of brand recognition in the PROVIDE COMMERCE and PROFLOWERS marks and has obtained a sizable share of the online flower market. The PROVIDE COMMERCE and PROFLOWERS marks are recognized and respected not only by customers, but also by Provide's suppliers, namely flower growers and nurseries.

10.    Since its first use in September 2003, Provide has continuously and extensively promoted and offered its services in interstate commerce in connection with the PROVIDE COMMERCE mark.

11.    On September 10, 2003, Provide filed a United States Trademark Application (Ser. No. 78/298,634) for the PROVIDE COMMERCE mark for use in connection with "mail order and on-line retail store services featuring flowers, plants and bulbs, dried fruit, cakes, candies and pastries, fresh produce, meats, seafood and cheese" in International Class 35.

### The Fame of Provide's Trademarks

12.    In the more than three years that Provide has been continuously using the PROVIDE COMMERCE mark in interstate commerce, Provide has advertised and promoted its services under the PROVIDE COMMERCE mark in a variety of media, including but not limited to television, radio, general circulation and specialized print media, and the Internet. Provide has spent immeasurable time and resources developing, launching, and promoting the PROVIDE COMMERCE mark, making the mark the primary point of reference in connection with Provide's annual reports, SEC public filings, and employee recruiting efforts. The PROVIDE COMMERCE mark appears at the bottom of every page of promotional materials for each and every one of Provide's individual brand names. The PROVIDE COMMERCE mark serves as an umbrella over all of Provide's brand names. Provide uses the PROVIDE COMMERCE mark on corporate letterhead, business cards, envelopes, and websites.

13.    By virtue of Provide's long, continuous and exclusive use of the PROVIDE

3

COMMERCE mark, the extensive and costly national marketing efforts, and the repeated association of Provide's services with the PROVIDE COMMERCE mark, Provide's mark has become famous. As a result, the consuming public, flower growers, and nurseries—in Florida and nationwide—recognize the PROVIDE COMMERCE mark as an indicator of the source of Provide's services, and associate the mark with Provide exclusively. Because of the consistent quality of Provide's services marketed under and in association with the PROVIDE COMMERCE mark, Provide has established considerable good will and reputation with respect to its services.

14.     Provide's use of the PROVIDE COMMERCE mark has been exclusive and continuous since prior to the date of Defendant's first use of its mark. Furthermore, Provide's PROVIDE COMMERCE mark became famous before the date of Defendant's first use of the infringing PREFERRED COMMERCE trade name, service mark, and domain name. The PROVIDE COMMERCE mark is well known and is an asset of immense value to Provide.

### Defendant's Wrongful Conduct

15.     On information and belief, Defendant recently adopted the PREFERRED COMMERCE mark as a direct result of the popularity of Provide's online services offered in connection with the PROVIDE COMMERCE mark. Defendant chose the PREFERRED COMMERCE trade name, registered the domain name *preferredcommerce.com*, and commenced use of the PREFERRED COMMERCE mark in connection with its horticultural and gardening services. On information and belief, Defendant has also engaged in other activities, described below, for the purpose of creating confusion as to the source of Defendant's services and its association with Provide.

16.     On information and belief, on or about November 1, 2004, Defendant changed the name of its business from Plantfind.com, Inc. to Preferred Commerce, Inc. On information and belief, Defendant had full knowledge of Provide's famous PROVIDE COMMERCE mark before Defendant changed its business name.

17.     On information and belief, after Defendant changed the name of its business from

Plantfind.com, Inc. to Preferred Commerce, Inc., Defendant made an unsolicited telephone call to Provide, inquiring whether Provide would be interested in investing in Defendant's company. In response, Provide advised Defendant that it did not have any interest in investing in Defendant's company at that time.

18.     On information and belief, on or about April 18, 2006, Defendant filed two United States Trademark Applications for the PREFERRED COMMERCE mark, specifically: (a) Application Ser. No. 78/863,437 for use in connection with "providing a website featuring information and customizable content for home gardeners and consumers; and (b) Application Ser. No. 78/863,434 for use in connection with "educational services, namely, providing on-line courses related to eLearning and business-to-business transactions, by utilizing content development applications, learning management programs and best industry practices, in the fields of horticulture and gardening."

19.     Provide has not consented to Defendant's use of the PREFERRED COMMERCE trade name, service mark, and/or domain name, nor has Provide sponsored, endorsed or approved the services offered and promoted by Defendant.

20.     On information and belief, Defendant has adopted and uses the PREFERRED COMMERCE mark for the purposes of misleading and confusing the public about its association with Provide, and trading on the good will, reputation and fame of Provide and its PROVIDE COMMERCE mark.

21.     After learning of Defendant's use of the PREFERRED COMMERCE trade name, service mark, and domain name, Provide through its counsel sent a letter to Defendant notifying Defendant that its use of the PREFERRED COMMERCE trade name, service mark, and domain name infringed Provide's trademark rights in the PROVIDE COMMERCE mark.  Provide requested that Defendant immediately cease all use of the PREFERRED COMMERCE mark.

22.     Following Provide's initial cease and desist letter, counsel for the parties engaged in further written correspondence and telephone discussions, but Provide was unable to obtain Defendant's agreement to voluntarily cease its infringing activities.  Defendant's infringing

conduct continues to this day. Defendant's refusal to respect Provide's trademark rights confirms Provide's belief that Defendant deliberately and willfully selected and is using a mark similar to Provide's famous trademark to mislead and confuse consumers into believing that Defendant's services are provided, sponsored, or approved by Provide. Defendant is trading on Provide's reputation and good will and its enormous investment in and promotion of the PROVIDE COMMERCE mark, and is diluting the distinctive quality of the famous PROVIDE COMMERCE mark.

23.    On information and belief, Provide, the PROVIDE COMMERCE mark, and the business of Provide are known to Defendant and were known to Defendant at the time it adopted the PREFERRED COMMERCE trade name, service mark and domain name and began offering its closely related services under the PREFERRED COMMERCE mark.

24.    Defendant's first commercial use of the PREFERRED COMMERCE mark in connection with its services occurred after Provide's first use of the PROVIDE COMMERCE mark in connection with its services.

25.    Defendant's first commercial use of the PREFERRED COMMERCE mark occurred after Provide's PROVIDE COMMERCE mark had become famous.

26.    Defendant's PREFERRED COMMERCE mark is very similar to Provide's PROVIDE COMMERCE mark.

27.    Defendant uses the PREFERRED COMMERCE mark in connection with services that are closely related to Provide's services offered in connection with the PROVIDE COMMERCE mark.

28.    Defendant's promotion and sales of its services under the PREFERRED COMMERCE mark are directed to consumers of Provide's services and are conducted through the same channels of trade as are used by Provide to promote and sell its services under the PROVIDE COMMERCE mark.

29.    Defendant's use of the PREFERRED COMMERCE mark and Defendant's actions described herein are likely to cause confusion, deception and/or mistake as to:  (a) the

6

source or origin of Defendant's services; and (b) whether Provide sponsors, endorses, or approves Defendant or its services or is otherwise affiliated with Defendant.

30.     Defendant's use of the PREFERRED COMMERCE mark and Defendant's actions described herein dilute the distinctive quality of Provide's famous PROVIDE COMMERCE mark.

31.     Defendant's use of the PREFERRED COMMERCE mark and its actions described herein have been, and continue to be, deliberate, willful, and with blatant disregard of Provide's rights.

32.     Defendant's continuing conduct constitutes an ongoing threat to the public and to Provide.  Provide has sustained and will continue to sustain irreparable injury as a result of Defendant's conduct, which injury is not compensable solely by the award of monetary damages. Unless Defendant is restrained and enjoined from engaging in its infringing and diluting conduct, Provide will continue to suffer irreparable injury.

### FIRST CAUSE OF ACTION
### (Trademark Infringement, Unfair Competition, and False Designation of Origin – 15 U.S.C. § 1125(a))

33.     Provide incorporates by reference and realleges the allegations set forth in paragraphs 1 through 32 as though set forth in their entirety herein.

34.     Provide is informed and believes that Defendant chose the PREFERRED COMMERCE mark, and took the other actions alleged above, to cause confusion or mistake, to deceive the public as to the origin, sponsorship, or approval of the services of Defendant, and/or to deliberately pass off Defendant's services as those of Provide.

35.     Defendant's acts as alleged herein constitute, among other things, false designations of origin, false or misleading descriptions of fact, and/or false or misleading representations of fact which are likely to cause confusion or mistake, or to deceive the public as to the origin, sponsorship, or approval of the services of Defendant.

36.     Defendant's conduct constitutes trademark infringement and unfair competition in

7

violation of 15 U.S.C. § 1125(a).

37.     Unless enjoined, Defendant will continue its infringing conduct.

38.     As a direct and proximate result of Defendant's infringing conduct, Provide has suffered and will continue to suffer irreparable injury to its business reputation and goodwill for which no adequate remedy exists at law, and Provide has lost sales and profits in an amount not yet fully ascertained.

39.     Defendant's conduct complained of herein is malicious, fraudulent, knowing, willful, and deliberate, entitling Provide to an accounting of Defendant's profits, increased damages, and an award of its attorneys' fees and costs incurred in prosecuting this action under 15 U.S.C. § 1117.

## SECOND CAUSE OF ACTION
### (Federal Trademark Dilution – 15 U.S.C. § 1125(c))

40.     Provide incorporates by reference and realleges the allegations set forth in paragraphs 1 through 39 as though set forth in their entirety herein.

41.     Provide's PROVIDE COMMERCE mark and the services offered thereunder have been and continue to be extensively promoted and marketed nationwide.  As a result, the PROVIDE COMMERCE mark has gained strong national public recognition and is eligible for protection against dilution as a distinctive and famous mark.

42.     The PROVIDE COMMERCE mark is well known, is of great value to Provide, is recognized and relied upon by the trade and the public as identifying Provide as the source of its services, and serves to distinguish Provide's services from those of others.  Provide's use of the PROVIDE COMMERCE mark has been exclusive and continuous since prior to the date of Defendant's first use of the PREFERRED COMMERCE mark.

43.     Defendant's use of the PREFERRED COMMERCE mark in the advertising and promotion of its goods and/or services dilutes and/or is likely to dilute the distinctive quality of Provide's famous PROVIDE COMMERCE mark.

8

44.     Without injunctive relief, Provide has no means by which to prevent the continuing injury to its reputation and goodwill or the continuing dilution of its trademark. Provide has been irreparably harmed, and Provide will continue to suffer irreparable injury for which no adequate remedy exists at law if Defendant is not enjoined.

45.     Defendant's conduct complained of herein is malicious, fraudulent, knowing, willful, and deliberate, entitling Provide to an accounting of Defendant's profits, increased damages, and an award of its attorneys' fees and costs incurred in prosecuting this action under 15 U.S.C. § 1117.

### THIRD CAUSE OF ACTION
### (Dilution Under Florida Law (F.S.A. § 495.151))

46.     Provide realleges and incorporates herein by reference the matters alleged in paragraphs 1 through 45 of this Complaint.

47.     Provide owns and has used the term PROVIDE COMMERCE as a distinctive trade name, trademark and service mark throughout the United States and the world. By reason of Provide's longstanding and extensive use of its distinctive PROVIDE COMMERCE mark in connection with a wide variety of products and services, the widespread public identification of that mark with Provide's products and services, and the commercial success of the PROVIDE COMMERCE branded products and services, the PROVIDE COMMERCE mark is exceedingly well-known and famous around the world, as well as within the State of Florida.

48.     Defendant's unauthorized commercial use of the PREFERRED COMMERCE mark in the State of Florida as a prominent part of its service mark and trade name began after the PROVIDE COMMERCE mark had become famous.

49.     Defendant's unauthorized use of the PREFERRED COMMERCE mark, as complained of herein, is likely to dilute the distinctiveness and identity-evoking quality of the PROVIDE COMMERCE mark and trade name in violation of F.S.A. § 495.151.

50.     Defendant's wrongful acts of dilution are likely to cause, and/or have caused and

are causing, irreparable harm to Provide for which there is no adequate remedy at law.

51.     Pursuant to F.S.A. § 495.151, Provide is entitled to injunctive relief enjoining and restraining Defendant from engaging in any further acts of dilution.

### FOURTH CAUSE OF ACTION
### (Cybersquatting - 15 U.S.C. § 1125(d))

52.     Provide incorporates by reference and realleges the allegations set forth in paragraphs 1 through 51 as though set forth in their entirety herein.

53.     Defendant's *preferredcommerce.com* domain name is confusingly similar to and/or dilutive of Provide's famous PROVIDE COMMERCE mark.  Defendant has registered, has used, and/or is using the *preferredcommerce.com* domain name with the bad faith intent to profit from Provide's famous PROVIDE COMMERCE mark.

54.     Defendant's actions constitute a violation of Lanham Act § 43(d), 15 U.S.C. § 1125(d).

55.     Provide has been, is now, and will be irreparably harmed by Defendant's aforementioned acts, and, unless enjoined by the Court, Defendant's unauthorized use of the *preferredcommerce.com* domain name will continue, and there is no adequate remedy at law for the harm caused by the acts alleged herein.

### FIFTH CAUSE OF ACTION
### (Common Law Trademark Infringement and Unfair Competition)

56.     Provide incorporates by reference and realleges the allegations set forth in paragraphs 1 through 55 as though set forth in their entirety herein.

57.     Defendant's unauthorized use of the PREFERRED COMMERCE mark in interstate commerce and in this judicial District in connection with the promotion and offering of Defendant's services constitutes a false designation of origin, a false and/or misleading description of fact, and/or a false or misleading representation of fact which constitutes unfair competition and an infringement of Provide's trademark rights in and to Provide's famous PROVIDE COMMERCE mark, and is likely to cause, confusion, and mistake, and/or deception

10

as to the affiliation, connection or association of Defendant with Provide, and/or as to the origin, sponsorship, or approval of Defendant's goods by Provide. Defendant's actions have caused, and will continue to cause, irreparable harm to Provide unless enjoined.

## PRAYER FOR RELIEF

WHEREFORE, in consideration of the foregoing, Provide respectfully requests that this Court enter an Order granting the following relief:

a) For judgment that the PROVIDE COMMERCE mark has been and continues to be infringed by Defendant;

b) For judgment that the PROVIDE COMMERCE mark has been and continues to be diluted by Defendant;

c) Enjoining Defendant, its officers, agents, employees, and all persons acting in concert with Defendant, from using the PROVIDE COMMERCE mark or any confusingly similar marks in any way or using any word, words, phrases, symbols, logos, or any combination of words or symbols that would create a likelihood of confusion, mistake, or deception therewith, including, without limitation, the PREFERRED COMMERCE mark, in connection with or in the marketing, offering, selling, disposing of, licensing, leasing, transferring, displaying, advertising, reproducing, or developing of Defendant's business and services;

d) Enjoining Defendant to recall from all of its officers, agents, employees, and all persons acting in concert with Defendant, any material containing the PROVIDE COMMERCE mark in any way and any word, words, phrases, symbols, logos, any combination of words or symbols that would create a likelihood of confusion, mistake and/or deception therewith, including, without limitation, the PREFERRED COMMERCE mark, in connection with or in the marketing, offering, selling, disposing of, licensing, leasing, transferring, displaying, advertising, reproducing, or developing of Defendant's business and services;

e) Enjoining Defendant, its officers, agents, employees, and all persons acting in concert with Defendant, from infringing the PROVIDE COMMERCE mark and/or engaging in further such unlawful acts and from reaping any additional commercial advantage from its misappropriation of the rights of Provide in the PROVIDE COMMERCE mark;

f) Requiring Defendant to destroy, at its sole and exclusive cost, all materials in its possession or under its control that infringe the PROVIDE COMMERCE mark, including but not limited to all materials containing the PREFERRED COMMERCE mark;

g) Ordering that the *preferredcommerce.com* domain name be transferred to Provide;

h) Ordering that Defendant is not entitled to registration of U.S. Trademark Application Ser. Nos. 78/863,437 and/or 78/863,434;

i) For all actual damages sustained by Provide as the result of Defendant's acts of infringement and/or dilution, together with prejudgment interest, according to proof, pursuant to 15 U.S.C. § 1117;

j) For an accounting of the profits of Defendant resulting from its acts of infringement and/or dilution pursuant to 15 U.S.C. § 1117;

k) For enhanced damages pursuant to 15 U.S.C. § 1117;

l) For an award of attorneys' fees pursuant to 15 U.S.C. § 1117 or as otherwise permitted by law;

m) For Provide's costs of suit, including its reasonable litigation expenses, pursuant to 15 U.S.C. § 1117;

n) For an award of compensatory damages suffered by Provide according to proof;

o) For an award of punitive damages in an amount sufficient to deter and punish Defendant;

p) For an award of interest on the compensatory damages at the highest rate allowed by law; and

q) Granting Provide such additional, other, or further relief as the Court deems proper and just.

SHUTTS & BOWEN LLP / 1500 MIAMI CENTER / 201 SOUTH BISCAYNE BOULEVARD / MIAMI, FLORIDA 33131 / (305) 358-6300

## DEMAND FOR JURY TRIAL

Provide demands trial by jury on all issues so triable.

Date: February 26, 2007

Respectfully submitted,

*M. Therise Yento, Joe*

Stephen B. Gillman, Esq. (Fla. Bar No. 196734)
E-Mail: Sgillman@shutts-law.com
SHUTTS & BOWEN, LLP
201 South Biscayne Boulevard, Suite 1500
Miami, Florida  33131
Tel.:    (305) 347-7311
Fax:    (305) 347-7835
*Attorneys for Plaintiff Provide Commerce, Inc.*

MIADOCS 1987077 1

13

JS 44 (Rev. 11/05)

# CIVIL COVER SHEET

07-80185

CIV-RYSKAMP

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

## I. (a) PLAINTIFFS

PROVIDE COMMERCE, INC., a Delaware corporation

## DEFENDANTS

PREFERRED COMMERCE, INC., a Delaware corporation

MAGISTRATE JUDGE
VITUNAC

**(b)** County of Residence of First Listed Plaintiff   California
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT
LAND INVOLVED.

FILED by JC
FEB 26 2007
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Stephen B. Gillman, Esq., Shutts & Bowen LLP
201 S. Biscayne Blvd., Suite 1500
Miami, FL 33131 Tel. 305-358-6300 Fax. 305-381-9982

Attorneys (If Known)

**(d)** Check County Where Action Arose: ☐ MIAMI- DADE  ☐ MONROE  ☐ BROWARD  ☒ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1  U.S. Government
Plaintiff

☒ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government
Defendant

☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

07- 80185- Civ-Ryskamp/Vitunac

West Palm Beach, 07-10009-CV- Ryskamp/ Vitunac

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☒ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN   (Place an "X" in One Box Only)

☒ 1 Original
Proceeding

☐ 2 Removed from
State Court

☐ 3 Re-filed-
(see VI below)

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
another district
(specify)

☐ 6 Multidistrict
Litigation

☐ 7 Appeal to District
Judge from
Magistrate
Judgment

## VI. RELATED/RE-FILED CASE(S).

(See instructions second page):

a) Re-filed Case ☐ YES ☒ NO     b) Related Cases ☐ YES ☒ NO

JUDGE                                                                DOCKET NUMBER

## VII. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (**Do not cite jurisdictional statutes unless diversity**):

15 U.S.C. Sec. 1051 (Lanham Act) & Sec. 1125 (Dilution & Anti-Cybersquatting Consumer Protection Act)

LENGTH OF TRIAL via  4-5  days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $ **No Demand**

CHECK YES only if demanded in complaint:

JURY DEMAND: ☒ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD

*M. Therese Vento, Esq. for Stephen B. Gillman, Esq.*

DATE   2/26/07

FOR OFFICE USE ONLY

AMOUNT  $350.00    RECEIPT #  95542

02/26/07