UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 07-80185 CIV-RYSKAMP/VITUNAC

PROVIDE COMMERCE, INC.,

a Delaware corporation,

    Plaintiff,

  v.

PREFERRED COMMERCE, INC.,

a Delaware corporation,

    Defendant.

_____/

**ORDER DENYING MOTION TO COMPEL**

THIS CAUSE comes before the Court upon Defendant's Motion to Compel **[DE 26]** filed on December 20, 2007.  Plaintiff responded **[DE 35]** on January 8, 2008.  Defendant replied **[DE 39]** on January 15, 2008.  This motion is now ripe for adjudication.

Defendant originally sought to compel responses to two deposition questions that plaintiff's counsel advised plaintiff's Rule 30(b)(6) representative, Mr. Abe Wijinperle, not to answer.  Defendant has since withdrawn his motion as to the second question.  Thus, the only remaining issue is whether Mr. Wijinperle should be required to answer whether he believes that "a jury of high school graduates would know the difference between" the words provide and preferred.

Plaintiff brought this trademark infringement case against Defendant because it believed that the company names, Preferred Commerce and Provide Commerce, were too similar in the minds of consumers and would lead to confusion.  Defendant argues that, during the deposition, it was asking Mr. Wijinperle a series of questions that "go to the ultimate issue in this case[,]" and was trying to discover the general differences between the words provide and preferred.

Plaintiff's counsel concedes that he should have instructed Mr. Wijinperle to answer the question. Nonetheless, Plaintiff argues that the deposition should not be retaken because it violates Rule 26 in that it is irrelevant and not calculated to lead to the discovery of admissible evidence. Moreover, Plaintiff argues that Defendant's line of questioning, culminating in this question, was designed to unreasonably annoy, embarrass or oppress the deponent.

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any matter... that is relevant to the claim or defense of any party." Further, "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). When discovery appears relevant on its face, the party resisting the discovery has the burden to establish facts justifying its objections by demonstrating that the requested discovery (1) does not come within the scope of relevance as defined under Fed. R. Civ. P. 26(b)(1); or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure. *Scott v. Leavenworth Unified School Dist. No*. 453, 190 F.R.D. 583, 585 (D. Kan.1999). A court can limit discovery when the burden or expense of the proposed discovery outweighs its likely benefit, after taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the proposed discovery in resolving the issues. Rule 26(b)(2)(iii).

Rule 30(d) provides protection from unreasonable or vexatious examination during a deposition. Attorneys can justifiably instruct a witness not to answer a question in only three circumstances: (1) if the information contained in the answer is protected by privilege, (2) to enforce a court order and (3) to suspend a deposition for the purposes of filing a Rule 30(d)(3) motion related to improper harassing conduct. It is improper to instruct a witness not to answer based on relevance, that the question has been asked and answered or because the question is

outside the scope of inquiry identified in the notice of deposition of a Rule 30(b)(6) representative. *Vipre Systems LLC v. NITV LLC*, 2007 WL 3202439 *1, n. 2 (M.D. Fla. 2007); *Goober v. City of Leesburg*, 197 F.R.D. 519, 520 (M.D. Fla. 2000). Based on the parties pleadings, it is clear that only the third prong, relating to improper or harassing conduct, is at issue. Plaintiff, however, never filed a motion with this Court and only makes this argument in response to the Defendant's current motion.

In this line of questioning, Defense counsel first asked Mr. Wijinperle to define the words preferred and provide, he complied. Counsel then asked him at what age he learned the definitions of those words. Mr. Wijinperle answered that he was in his early or middle teens but that he cannot remember exactly. Next counsel asked when he thought that U.S. Citizens born in this county would learn the definitions of the two words. Plaintiff's counsel warned Defense counsel that "it's starting to cross the line[]" and it was an "absurd question[.]" Mr. Wijinperle, however, answered the question by saying that he did not know and that it depends on the individual. Defense counsel then asked if Mr. Wijinperle's customers knew the difference between provide and preferred. He answered, again, that he did not know. Finally, Defense counsel asked whether he thought that a jury of high school graduates would know the difference between the two words. Plaintiff's counsel objected by saying that "this is crossing the line[]" and instructed Mr. Wijinperle not to answer the question.

It appears from the transcript that defense and plaintiff's counsel were at odds during this deposition. Obviously, this attitude impacted these attorney's actions. This is regrettable. Nonetheless, this Court is left with a request to reconvene an entire deposition to answer a single question that appears to have little impact on the issue in this case. Thus, this Court is guided by Rule 26(b)(2)(iii) and has considered the factors contained in that Rule. It does not appear to this Court that reconvening an entire deposition to answer this question is appropriate. The

burden or expense of reconvening the deposition outweighs its likely benefit, after taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the proposed discovery in resolving the issues.

Moreover, Defendant's request for fees and sanctions associated with the filing of this motion was not accompanied by an affidavit or any exhibit explaining what monies should be awarded.  Local Rule 7.3(B) requires that when seeking sanctions and requesting fees or costs, a moving party (1) must cite the rule or statute entitling the moving party to the award; (2) must state the amount sought or a fair estimate of that amount; (3) must disclose any agreements reached in respect to attorney's fees to be paid; (4) shall be supported with particularity; and (5) shall be verified.  Additionally, "[a]ny such motion shall be accompanied by certification that counsel has fully reviewed the time records and supporting data and that the motion is well grounded in fact and justified."  Local Rule 7.3(B).  Defendant only complied with the first element listed above.  Defense counsel also failed to certify his review of the of the records and supporting data.  In light of this failure, this Court does not believe it proper to award expenses or sanctions.

Accordingly, it is hereby,

ORDERED and ADJUDGED that Defendant's Motion to Compel **[DE 26]** is DENIED.

DONE AND ORDERED in Chambers at West Palm Beach, Florida, this 7 day of February, 2008.

    /s/  Kenneth L. Ryskamp
UNITED STATES DISTRICT JUDGE
KENNETH L. RYSKAMP

Copies to:
all counsel of record.