UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 07-80185 CIV-RYSKAMP/VITUNAC

PROVIDE COMMERCE, INC.,
a Delaware corporation,

       Plaintiff,

  v.

PREFERRED COMMERCE, INC.,
a Delaware corporation,

       Defendant.
_____/

## ORDER DENYING MOTION FOR PROTECTIVE ORDER

THIS CAUSE comes before the Court upon Defendant's Motion for Protective Order **[DE 30]** filed on January 7, 2008. Plaintiff filed a Motion to Compel **[DE 34]** concerning the same topic on January 8, 2008. This Court entered an Order **[DE 36]** construing the Motion to Compel as a response to the Motion for Protective Order on January 9, 2008. Plaintiff filed a Motion to reconsider this decision **[DE 38]** on January 13, 2008. This Court denied that Motion **[DE 41]** on January 17, 2008 but did grant Plaintiff leave to file a surreply. Defendant replied **[DE 40]** on January 16, 2008. Plaintiff filed its surreply **[DE 42]** on January 22, 2008. This motion is now ripe for adjudication.

Defendant seeks a protective order to prevent any further deposition of Mr. Michael Ferraro, Defendant's president. Plaintiff has deposed Mr. Ferraro twice in his individual capacity.[1] After both of those depositions, Plaintiff served Defendant with a Rule 30(b)(6) notice. Defendant named Mr. Ferraro as its corporate representative for deposition purposes and

---

[1] During the first deposition, it became apparent that further document productions were necessary. The deposition was adjourned until those issues were resolved, at which time the deposition was reconvened.

1

refused to submit to another deposition on the following grounds: (1) Mr. Ferraro has already been deposed, in his individual capacity twice, (2) that his testimony will be repetitive and that the prior two depositions could serve as Plaintiff's Rule 30(b)(6) testimony, (3) that since defense counsel must travel from Washington D.C. to participate in depositions, the cost of attending this additional deposition is burdensome and (4) that Plaintiff should have been more courteous when planning its deposition schedules to accommodate defense counsel's travel expenses and grouped Mr. Ferraro's Rule 30(b)(1) and 30(b)(6) depositions together.  Defendant raises all four of those objections in the instant motion.

**Timeliness**

Each party argues that the other has filed documents out of time.  To the extent that there is an issue as to the timeliness of the notice in relation to the date that the Rule 30(b)(6) deposition was noticed, this Court finds that the notice was timely.  To the extent that Defendant argues that Plaintiff waited towards the end of the discovery schedule to notice this deposition, and did so during the holidays, this Court also finds that argument unpersuasive.  First, the parties agreed to hold three depositions after the discovery deadline.  There is nothing in the pleadings to indicate that it was the timeliness issue that motivated Defendant to refuse to produce anyone for the Rule 30(b)(6) deposition.  Moreover, parties routinely request, and often are granted, extensions to the discovery deadline in order to finish discovery issues, such as taking additional depositions.

An additional matter regarding timeliness, Plaintiff argues that Defendant's Motion for Protective Order was filed out of time and should therefore be denied.  This Court disagrees.  It appears that Plaintiff was willing to reschedule the December 28, 2008 deposition.  Counsel for both sides discussed resetting the deposition at a January 2, 2008 meeting.  This motion was then filed four days later, on the day that discovery ended.  The deposition had not been re-noticed for

2

a specific date at that time.  Since the deposition was never firmly set, the motion is timely.

**Discussion**

      Rule 26 of the Federal Rules of Civil Procedure provides for protective orders such that:

> (1) that disclosure or discovery not be had;
> (2) that the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time or place;
> (3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery; [and]
> (4) that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters....

Fed. R. Civ. P. 26(c).

      Rule 26(c) protects those deposed from "annoyance, embarrassment, oppression, or undue burden or expense", but not from mere inconvenience.  *Id.*  The party making such motion must show that "good cause" exists for the protective order.  *Id.*  In addition to good cause, the court must also satisfy itself that, on balance, the interests of those seeking the protective order outweigh the interests of the opposing party.  *McCarthy v. Barnett Bank of Polk County*, 876 F.2d 89, 91 (11th Cir. 1989).  The interests involved are confidentiality versus access to information.  *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1313 (11th Cir. 2003).

**Analysis**

      Rule 30 allows a party to request the deposition of any person by serving notice.  Fed. R. Civ. Pro. 30(a)(1).  A natural person can be deposed under Rule 30(b)(1) whereas the deposition of a corporation is governed by Rule 30(b)(6).  The rules permit two types of corporate depositions.  First, one may notice a particular officer or agent of the corporation via Rule 30(b)(1).  Assuming that the corporation is a party, the testimony may be used at trial by the adverse party for any purpose.  Second, one may notice the deposition of a corporation without naming a specific person to be deposed, instead describing the information sought via Rule 30(b)(6).  Using this approach, the corporation must designate one or more individuals to testify

on the corporation's behalf. These deponents "shall testify to matters known or reasonably available to the organization." *Id*. A party may use both types of discovery when attempting to elicit information about a corporation. The testimony of that deponent is considered to be the testimony of the corporation itself. And where the corporation is a party to the suit, the testimony can be used by the adverse party for any purpose. *Philips v. American Honda Motor Co., Inc.*, 2005 WL 1527685 *1 (S.D. Ala,. June 27, 2005) ; *U.S. v. One Parcel of Real Estate at 5960 North Bay Road, Miami Beach, Florida*, 121 F.R.D. 439, 440 (S.D. Fla. 1988).

   Once a corporation has been served with the Rule 30(b)(6) motion, it has a duty to produce individuals able to testify regarding the matters noticed. The corporation and its counsel have a duty to prepare the witness so that he or she is able to give "complete, knowledgeable and binding answers on behalf of the corporation." *Continental Cas. Co. v. Compass Bank*, 2006 WL 533510 * 18 (S.D. Ala. March 3, 2006) *citing*, *Marker v. Union Fidelity Life Ins. Co.*, 125 F.R.D. 121, 126 (M.D.N.C. 1989). In this type of deposition, the person being deposed is required to testify about the knowledge of the corporation as an entity and not his or her own knowledge. *Id*. Thus, an individual testifying as a Rule 30(b)(6) witness may be called on to answer questions known to the corporation but not to himself personally. The duty to properly prepare the Rule 30(b)(6) witness attaches to the deponent corporation.

   The issue in this case is whether Plaintiff impermissibly seeks to call Mr. Ferraro for a second deposition without leave of court. Rule 30(a)(2)(B) requires a party to seek leave of court before calling a person for a second deposition. Rule 26(b)(2) guides courts in deciding whether to grant a second deposition. *Id*. Rule 26(b)(2) of the Federal Rules of Civil Procedure limits discovery in three circumstances:

> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive;
> (ii) the party seeking discovery has had ample opportunity by discovery in

the action to obtain the information sought; or

(iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Here, Defendant argues that Mr. Ferraro has already undergone a Rule 30(b)(1) deposition. In that deposition, he testified to the same subject matter as Plaintiff has noticed in the Rule 30(b)(6) motion and that his prior testimony "is equivalent to 30(b)(6) testimony[]" because Mr. Ferraro was acting as a corporate representative during the deposition. Defendant argues that in instances where Mr. Ferraro was asked deposition questions to which he did not know the answer, he contacted the corporate office during the break and supplemented his testimony accordingly. Defendant argues that this fact illustrates that Mr. Ferraro has essentially already given a Rule 30(b)(6) deposition.

Although Mr. Ferraro's testimony my be similar, under the law, a corporate entity is distinct from the individuals who control or manage the corporation. Although the limitations on multiple depositions of the same person apply to Rule 30(b)(6) motions, this Court did not find any case law that barred a second deposition of an individual who was first deposed in his individual capacity and then called to testify a second time on behalf of the corporation. *See*, *Ameristar Jet Charter, Inc. v. Signal Composites, Inc.*, 244 F.3d 189 (1st Cir. 2001)(applying Rule 30(a)(2)(B) where a party noticed a corporation under Rule 30(b)(6), took the deposition, and a year later, renoticed the same corporation under Rule 30(b)(6), even though different individuals were asked to speak on behalf of the corporation). Mr. Ferraro has only testified as an individual and not on behalf of the corporation. At this point, the corporation has yet to testify. As such, Plaintiff is entitled to the Rule 30(b)(6) discovery.

Accordingly, it is hereby,

ORDERED and ADJUDGED that Defendant's Motion for Protective Order **[DE 30]** is DENIED.  Plaintiff's Motion to Compel **[DE 34]** is DENIED as MOOT.

Defendant is ORDERED to submit its Rule 30(b)(6) representative for deposition.

DONE AND ORDERED in Chambers at West Palm Beach, Florida, this 7 day of February, 2008.

                                                 /s/ Kenneth L. Ryskamp
                                      UNITED STATES DISTRICT JUDGE
                                      KENNETH L. RYSKAMP

Copies to:
All counsel of record.